Jushi v. Lynch

BIA
Sichel, IJ
A097 485 962

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

GJOVALIN JUSHI,
> *Petitioner,*

> v.                                          14-4590

>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Aleksander Boleslaw Milch, Hebrew
                         Immigrant Aid Society, New York,
                         New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney General;
                         Cindy S. Ferrier, Assistant
                         Director; Joseph A. O'Connell,
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gjovalin Jushi, a native and citizen of Albania, seeks review of a December 3, 2014, decision of the BIA affirming the May 10, 2012, decision of an Immigration Judge ("IJ") denying Jushi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying in the first instance Jushi's motion to remand. *In re Gjovalin Jushi,* No. A097 485 962 (B.I.A. Dec. 3, 2014), *aff'g* No. A097 485 962 (Immig. Ct. N.Y. City May 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

Asylum, Withholding of Removal, and CAT Relief

The agency reasonably found that, although Jushi had suffered persecution in Albania on account of his membership

in the Democratic Party ("DP"), the Government had rebutted the resulting presumption of a well-founded fear of future persecution. The Government may rebut the presumption of a well-founded fear of future persecution arising from past persecution by showing a fundamental change in conditions in the country in which the asylum applicant suffered past persecution such that the applicant's fear of persecution is no longer well founded. 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Lecaj v. Holder*, 616 F.3d 111, 115 (2d Cir. 2010). The presumption may be rebutted if, in the applicant's country, the offending government has been overthrown and no longer wields influence, the new leadership does not "harbor the same animosities as the old," or human rights practices have improved. *In re N-M-A*, 22 I & N Dec. 312, 320-21 (B.I.A. 1998). A perfunctory finding of changed conditions is sufficient "where (as [in Albania]) changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims (and, as a result, we can safely assume that IJs have developed considerable expertise related to that country's current conditions)." *Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006).

The agency did not err in concluding that, at the time of Jushi's 2010 hearing, conditions in Albania had

3

fundamentally changed since he last suffered harm in 2001 such that he no longer had a well-founded fear of persecution.[1] *See id.* at 185-88 & n.4. The IJ acknowledged that the U.S. State Department's Country Reports on Human Rights Practices issued between 1998 and 2001 indicated that the Albanian government, led by the Socialist Party ("SP"), conducted politically motivated arrests and perpetrated numerous acts of violence against DP members during the period Jushi suffered harm. The IJ reasonably found that, in contrast, the 2009 and 2010 Country Reports did not reflect the continuation of that violence, and, in fact, stated that there were no reports of politically motivated killings, disappearances, or prisoners during the reporting years. Furthermore, Jushi admitted that the 2005 elections "were calm" and that the DP had won elections in both 2005 and 2009.

Contrary to Jushi's argument, the IJ did not err in relying on the 2009 and 2010 Country Reports rather than the affidavit of Dr. Bernd Fischer, an expert on Albania, particularly given that the affidavit discussed conditions

---

[1] Although Jushi's application asserted that he was arrested in 2002 and subjected to a "rough interrogation," he did not testify as to that arrest or interrogation and thus, as the IJ did, we treat his 2001 arrest as the last incident of harm suffered in Albania.

through the beginning of 2008 only and thus was not as current as the Country Reports. *See Xiao Ji Chen v. U.S. Dep't of State*, 471 F.3d 315, 341-42 (2d Cir. 2006). Furthermore, at Jushi's 2010 merits hearing, Dr. Fischer admitted that the DP's assumption of power in 2005 had "mitigate[d] the circumstances to a certain extent," and failed to provide any specific examples to support his conclusory assertion of continued political violence. Accordingly, the agency did not err in finding a fundamental change in conditions in Albania such that Jushi no longer had a well-founded fear of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171-72 (2d Cir. 2008) (noting that the Court does not "attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency").

Jushi's argument that there is a pattern or practice of persecution against DP members in Albania fails for two reasons. First, he did not argue a pattern or practice of persecution before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2006). Second, the agency's conclusion that there has been a fundamental change in conditions such that DP supporters are not regularly targeted for political reasons necessarily precludes a

5

finding of systemic persecution of DP supporters. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Because the agency reasonably concluded that Jushi did not have a well-founded fear of persecution on account of his DP membership, it did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).[2]

Motion to Remand

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao*, 421 F.3d at 156. A movant seeking a remand to submit new evidence must "present material, previously unavailable evidence and that evidence, if credited, [must] establish the [movant's] prima facie eligibility for asylum." *Id.* at 158. The BIA did not err in concluding that Jushi failed to establish his prima facie eligibility for asylum and related relief, i.e., a realistic

---

[2]
   The BIA erred in finding CAT relief waived. The IJ denied CAT relief based on Jushi's failure to satisfy the burden for asylum and thus his challenge to the IJ's denial of asylum necessarily included a challenge to the denial of CAT relief. Nevertheless, it would be futile to remand to correct the BIA's error because the agency's findings as to asylum were dispositive of the CAT claim. *See Xiao Ji Chen*, 471 F.3d at 339.

chance of obtaining that relief. *See Jian Hui Shao*, 546 F.3d at 168.

The BIA acknowledged that Jushi's new evidence demonstrated that the SP won the 2013 elections in Albania, that the relationship between the SP and DP remained tense, that police had arrested a DP member, and that there were incidents of violence surrounding the elections. Nevertheless, the BIA reasonably determined that this evidence did not establish Jushi's prima facie eligibility for asylum because it did not describe police harassment, arrests, and murders of DP members such as existed at the time police targeted Jushi from 1998 to 2001. In fact, Jushi's evidence described the 2013 elections as "generally peaceful" and "calm," aside from a shootout, in which a SP member was killed and a DP candidate injured. Moreover, the one reported arrest of a DP member occurred after that individual's involvement in a physical altercation.

Furthermore, contrary to Jushi's contention, his wife's letter did not demonstrate that the police continued to threaten Jushi. She stated that unknown individuals had threatened her on account of Jushi's political activities, but failed to provide any dates or details regarding those threats. *See id.* at 172 (finding no error in the BIA's

7

conclusion that it could not infer a possibility of persecution from reports of persecution that lack details).

Accordingly, because Jushi's evidence did not show that the police had resumed targeting DP members for arrest, harassment, and murder, the BIA reasonably concluded that Jushi had not established his prima facie eligibility for relief and thus did not abuse its discretion in denying his motion to remand. *See Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk